IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GARLAND DEAN BARNES
and TYRONE DAVIS SMITH,

                    Plaintiffs,                                    OPINION and ORDER

        v.
                                                                        21-cv-51-jdp
KEVIND A. CARR, DANIEL WINKLESKI,
and ROSLYN A. HUNEKE,

                    Defendants.

---

Plaintiffs Garland Dean Barnes and Tyrone Davis Smith, appearing pro se, are prisoners at New Lisbon Correctional Institution (NLCI). Plaintiffs contend that prison officials have failed to properly keep them safe from the risk of contracting COVID-19 at NLCI. Under *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004), each plaintiff is subject to the Prisoner Litigation Reform Act and must pay a separate filing fee. Barnes has paid his entire fee. Smith seeks leave to proceed in forma pauperis. I must screen the complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept plaintiffs' allegations as true, *Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers, *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I conclude that Smith states claims against prison officials for housing him in conditions that led to him contracting COVID-19, but that under 28 U.S.C. § 1915(g), Smith is barred from bringing claims for past harm in forma pauperis. Barnes fails to state a claim for damages

because he does not allege that he contracted COVID-19 or was otherwise harmed by defendants. And neither plaintiff may proceed on claims for injunctive relief because their allegations are too vague to state claims concerning their current safety.

ALLEGATIONS OF FACT

Plaintiffs Garland Dean Barnes and Tyrone Davis Smith are prisoners at NLCI. Barnes has been diagnosed with diabetes and high blood pressure. Smith has been diagnosed with congestive heart failure that damaged an aortic valve, requiring replacement with a mechanical valve. Smith also suffers from both high and low blood pressure, chronic migraine headaches, and osteoarthritis.[1]

Plaintiffs say that the conditions at NLCI are conducive to the spread of the coronavirus. NLCI exceeds its designed capacity by 7 percent, there is not an adequate protocol for testing staff for asymptomatic infections, social distancing is not possible in the prison environment, soap, water, and clean laundry are rationed, inmates share toileting, showering, and eating facilities, and there is inadequate ventilation.

I take plaintiffs to be saying that in November 2020, Smith was diagnosed with COVID-19 after a fainting incident. Both before and after this diagnosis, defendants Warden Daniel Winkleski, Health Services Manager Roslyn A. Huneke, and representatives of defendant DOC Secretary Kevin A. Carr denied Barnes's and Smith's requests to be released from custody as a way of combating the spread of COVID-19 in Wisconsin prisons.

---

[1] In their complaint, plaintiffs refer to several attached exhibits, but there were no exhibits included with the complaint they sent to the court.

ANALYSIS

Plaintiffs bring claims for damages and injunctive relief. I'll start with their damages claims. Plaintiffs say that defendants violated their rights under the Eighth Amendment to the United States Constitution and Wisconsin negligence law by subjecting them to conditions making it likely that they would be exposed to the coronavirus even though they have pre-existing medical conditions making a COVID-19 infection particularly dangerous.

The Eighth Amendment requires prison officials to provide inmates with humane conditions of confinement and to take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment if the official consciously disregards a substantial risk of serious harm to an inmate. *Balsewicz v. Pawlyk*, 963 F.3d 650, 654 (7th Cir. 2020). Under Wisconsin law, a claim for negligence requires the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages. *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860.

Both plaintiffs have problems with their allegations that prevent them from moving forward with any claims for damages. Barnes doesn't allege that he was actually harmed from the conditions at NLCI. Being exposed to a mere risk of harm, without actually incurring harm, is not enough to maintain a claim. *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) ("risk is not compensable without evidence of injury").

Smith does allege that he contracted COVID-19 in late 2020, so he has stated Eighth Amendment and negligence claims against the officials responsible for subjecting him to an increased risk of harm—Secretary Carr and Warden Winkleski. Smith doesn't plausibly explain how Health Services Manager Huneke could plausibly be responsible for overcrowding or other

conditions of prisoners' incarceration, so he does not state a claim against Huneke. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job.").

The problem for Smith is that his claims appear to be for past harm. Smith is attempting to proceed in forma pauperis, but he has "struck out" under 28 U.S.C. § 1915(g) because at least three of his prior lawsuits have been dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. See *Smith v. Krantz*, No. 19-cv-197-jdp, 2019 WL 2870069, at *1 n.1 (W.D. Wis. July 3, 2019) (discussing Smith's three-strike status). That means that Smith cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury. He cannot proceed in forma pauperis with his claims about his past COVID-19 diagnosis. But Smith could still pursue those claims as a paying litigant. If he chooses to do so, he must submit a check or money order made payable to the clerk of court in the amount of $402. I will give him a short time to do so.

Plaintiffs also seek injunctive relief, asking the court to order their release for their own safety. Federal district courts may order that type of relief only in extremely rare situations, only after (1) a court concludes that an order requiring less intrusive relief than release has failed; and (2) that the defendants have been given the opportunity to comply with the court's previous order. 18 U.S.C. § 3626(a)(3). Even for injunctive relief falling short of release, plaintiffs would have to show, among other things, that prison officials are consciously disregarding their health and that plaintiffs face irreparable harm.

Plaintiffs' relatively vague allegations do not meet these standards. Earlier in the pandemic it may have been possible to infer that state prison conditions were bad enough to

state claims for injunctive relief—there's no question that COVID-19 spread rapidly through the prison population in the first several months of the pandemic, with the DOC reporting almost 10,000 positive cases among inmates (out of a total population of around 20,000) by the end of 2020.[2] But the number of active infections has plummeted over the last several months, with NLCI in particular reporting no more than three active cases at a time since the start of 2021, and none since May.[3] And as plaintiffs are likely aware, a majority of Wisconsin inmates have been vaccinated—the DOC reports that nearly 70% of inmates are now fully vaccinated.[4] That isn't to say that this court accepts the DOC's public data as undisputed. But to state an Eighth Amendment claim for injunctive relief, plaintiffs need to provide more specific allegations about the risk of harm they currently face.

I won't dismiss plaintiffs' claims completely because the court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend his complaint to fix the problems noted by the court. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Instead, I'll give plaintiffs a chance to submit a supplement to their complaint to explain (1) how Barnes was harmed by defendants' actions; and (2) how defendants are currently disregarding plaintiffs' safety.

Plaintiffs have also filed a motion for the court's assistance in recruiting them counsel, Dkt. 2, and a motion for appointment of an expert, Dkt. 3. I will deny these motions without

---

[2] *See* https://doc.wi.gov/Pages/COVID19(Coronavirus)/COVID19TestingDashboard.aspx.

[3] *Id.*

[4] *Id.*

prejudice because plaintiffs should not need the assistance of a lawyer or an expert to respond to this order.

ORDER

IT IS ORDERED that:

1. To proceed with his claims for past harm, plaintiff Tyrone Davis Smith may have until September 7, 2021, to submit a check or money order made payable to the clerk of court in the amount of $402.

2. Plaintiffs may have until September 7, 2021, to submit a supplement to their complaint as discussed in this order.

3. Plaintiffs' motions for the court's assistance in recruiting them counsel and for appointment of an expert, Dkt. 2 and Dkt. 3, are DENIED without prejudice.

Entered: August 18, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge